Judge Wood
delivered the opinion of the court:
The motjon for a new trial is extremely vague and indefinite ; and it may be difficult, after the lapse of so much time, to recall the precise state of facts, as they occurred at the trial. The counsel do not agree, and we repeat there is no. statement with the files to remove the difficulty, as the judges who sat at the trial have not their minute? present, and must depend on recollections alone. In the. ejectment, the lease from Hargrave and wife, defective in its execution, was held not to pass the legal possession of the wife, who owned the fee, for any period beyond the life of her husband. *409 The plaintiff recovered under a subsequent conveyance of the fee by Hargrave and wife. This lease contained a stipulation that the ■defendant should be permitted to remove, at the expiration of the lease, any improvement he should erect on the premises. Evidence, on the trial for mesne profits, was introduced to show that he was notified to do so, but neglected.
The counsel for defendant claim to have offered in evidence on the trial to show, that while the defendant, he made valuable and permanent improvements on the premises, in order to have the amount set off against the rents and profits. The plaintiff’s counsel think the proof offered only tended to show that the defendant had incurred expense in making the improvements, that it was admitted, and was abundant to show, that the improvements made added nothing to the intrinsic value of the lot, were neither beneficial nor permanent, nor suited to the location. If I do not greatly err, the evidence offered was objected to, and admitted, reserving the question, and afterward ruled out. The defend.ant’s counsel suppose it was refused, because it did not recognize the principle that improvements might be set off against the rents '*and profits, and that in this respect the court erred. The court did not intend to express any doubt that such set-off might be made in a proper case, and we think we did not. Such is the law in New York. 2 Johns Ch. 441; 4 Cowen, 168. In Pennsylvania. Addis. 218. And it hag been so decided in the Supreme Court of the United States, in a Kentucky case. 8 Wheat. 81. The authorities concur in the position that the improvements to be allowed must be “ beneficial, useful, and permanent.” The evidence offered to the jury did not, in our view, show such improvements as could be legally set off against the plaintiff’s demand j and this has led the plaintiff’s counsel also into error, as to the reasons for taking this proof from the jury. Upon the last hypothesis, the decision could not be sustained, because the character, as well as the value of the improvements, were questions of fact for the jury, and upon slight evidence would have been left to their judgment. Our impression is — and in the decision of the question before us, that must be our main guide — that the evidence was rejected, because it was inconsistent with the clause in the lease, which has been referred to. The defendant, by this contract with Hargrave and wife, was at liberty to remove all new buildings, •which he should put upon the premises, at pleasure. In this he *410 was not prevented, but desired and notified so to do. By this, stipulation, we then thought he had contracted as to the mode of compensation for any improvements he should make, in the privilege of removing them at pleasure. It was, therefore, doubtless the'understanding of the parties — and such we held the covenant, implied in the case — that no other erection could be placed upon the premises but such as were removable, and that the lessor in no other mode should be held to make compensation. The court, adheres to that opinion, and holds that the evidence was properly rejected, or taken from the jury, Motion overruled, and judgment, on the verdict.